IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR6** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **PEDRO ADAUTO-AVILA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Addendum).[1]  *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The plea agreement provides the parties' stipulation that the Defendant is responsible for at least 5 but less than 20 grams of actual methamphetamine and that base offense level 26 applies.  The PSR applies base level 26 based on quantities of actual methamphetamine and powder cocaine.  The Defendant objects to the inclusion of powder cocaine, specifically to ¶¶ 16, 17.  The objection is denied as moot, as the PSR applies the same base offense level as the level contemplated by the parties in reaching the plea agreement.

The Defendant also objects to ¶ 18 because the Defendant was not given credit for the safety valve.  This matter will be addressed at sentencing, and the Defendant bears the burden by a preponderance of the evidence.

---

[1] The objections were not filed as required by ¶ 6 of the Order on Sentencing Schedule.

IT IS ORDERED:

1. The Defendant's objections to ¶¶ 16 and 17 of the Presentence Investigation Report (Addendum) are denied as moot;

2. The Defendant's objection to ¶ 18 will be heard at sentencing;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 23rd day of June, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge